**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                          No. 99-4317

LADRALE A. PUTNEY,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-98-125)

Submitted: October 26, 1999

Decided: November 16, 1999

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Augustus S. Hydrick, Jr., HYDRICK LAW OFFICE, Richmond, Vir-
ginia, for Appellant. Helen F. Fahey, United States Attorney, Stephen
W. Miller, Assistant United States Attorney, Richmond, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Ladrale A. Putney appeals his convictions and sentence for (1) possession with intent to distribute cocaine base in violation of 21 U.S.C.A. § 841 (West 1999); (2) possession of cocaine base in violation of 21 U.S.C.A. § 844 (West 1999); (3) carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C.A. § 924(c) (West Supp. 1999); and (4) possession of a firearm by an unlawful user of controlled substances in violation of 18 U.S.C.A. § 922(g)(3) (West Supp. 1999). Finding no reversible error, we affirm.

On March 9, 1998, Sergeant William Smith was patrolling an area of Richmond known for drug distribution. He observed a group of five to eight individuals including Putney, huddled together near an apartment building. As the group became aware of his presence, they quickly dispersed. Shortly thereafter, Smith approached Putney and initiated a conversation. Smith testified that Putney became very physically tense and refused to respond to his questions. Based upon Putney's behavior and Smith's experience as a police officer, Smith claims he feared for his safety. Smith reached out and touched the front of Putney's jacket and felt what he believed to be the handle and hammer of a pistol.

When Smith felt the gun, Putney took off running. As Smith chased him, he saw Putney pull a holstered gun from his jacket. Putney ran between two of the apartment buildings and Smith ran around to the other side. As he came around the building, Smith could see Putney looking out from the stairwell area of one of the buildings. He believed Putney was descending from one of the upper apartments. Smith found Putney hiding under the stairwell and ordered him to come out. After Putney refused, Smith went under the stairwell, pulled him out, and arrested him. Putney no longer had the firearm in his possession at the time of his arrest. Smith retraced the path of his chase, but failed to find the firearm.

Smith then went up the stairs from which he believed he had seen Putney descending just prior to his arrest. On the second floor, under

2

a doormat, Smith found a firearm that appeared to be the one he had seen Putney carrying. It was in a holster and had the same overall appearance. Smith also found a bag containing 7.673 grams of cocaine base, divided into twenty-nine individual small Ziploc baggies. Smith also recovered two pagers and a cellular phone from Putney's person.

Based upon this evidence and the testimony provided at trial, a jury found Putney guilty of possession with intent to distribute cocaine base, possession of cocaine base, carrying a firearm during and in relation to a drug trafficking offense, and possession of a firearm by an unlawful user of controlled substances. Putney raises three issues on appeal: (1) whether the district court erred in denying his motion to suppress evidence; (2) whether the district court erred in denying his motion to acquit; and (3) whether the district court properly calculated his criminal history score pursuant to the federal sentencing guidelines.

We find that the district court did not abuse its discretion in denying Putney's motion to suppress. Putney moved to suppress all evidence obtained by the police during his arrest, claiming that it was tainted by an improper stop and improper search and seizure. In reviewing the denial of a motion to suppress, we review a district court's legal conclusions de novo, but its factual findings are reviewed for clear error. See United States v. Han, 74 F.3d 537, 540 (4th Cir. 1996). When a police officer reasonably fears that a person may be armed and dangerous, he may conduct a limited search of the person's clothing "confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." Terry v. Ohio, 392 U.S. 1, 29 (1968). The district court made a factual determination that Smith legitimately feared that he was facing a "fight or flight" situation and had a reasonable apprehension for his safety. Because this determination is not clearly erroneous, we uphold the district court's decision to deny Putney's motion to suppress.

We also find that the district court did not err in denying Putney's motion to acquit. Putney contends that the evidence was insufficient to support his convictions. A reviewing court must uphold a jury's verdict if there is substantial evidence to support it. See Glasser v.

3

United States, 315 U.S. 60, 80 (1942). We have reviewed the record and are satisfied that substantial evidence supports each of Putney's convictions.

We also find that the district court properly calculated Putney's sentence under U.S. Sentencing Guidelines Manual , § 4A1.2 (1998). At trial, Putney objected to his presentence report on the ground that the report overstated his criminal history. His criminal history category determination was largely based upon five juvenile offenses that were adjudicated on the same day. Assessment of these crimes added six criminal history points and led to a Category VI determination. Putney claims that the court erred in counting each of his juvenile probations separately because they were related cases pursuant to U.S.S.G. § 4A1.2(a)(2). We have reviewed the record and the sentencing guidelines and agree with the district court's finding that three of the five offenses were unrelated for purposes of Putney's criminal history. We further uphold its assessment of thirteen criminal history points and its Category VI determination.

Accordingly, we affirm Putney's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4